UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Elvecio Pereira Viana

   v.                                              Civil No. 18-cv-222-LM

President of the United
States of America, et al.


**PROCEDURAL ORDER**

    Plaintiff Elvecio Pereira Viana, an alien subject to a final order of removal, brings a complaint seeking injunctive relief against various federal agencies and officials to prevent his removal from the United States.  He alleges that defendants have violated his procedural and substantive due process rights, as well as his statutory rights under the Immigration and Nationality Act ("INA").  Viana's claims are grounded in his allegation that the Order of Supervision issued by U.S. Immigration and Customs Enforcement, which was served on him on March 5, 2018 and which requires him to depart the United States by April 4, effectively prevents him from reopening his immigration case or exploring other avenues for relief from removal.

    On its face, Viana's complaint gives rise to a substantial question as to whether this court has subject matter jurisdiction.  See McCulloch v. Velez, 364 F.3d 1, 5 (1st Cir.

2004) (noting that "a federal court has an obligation to inquire sua sponte into its own subject matter jurisdiction"). In immigration matters, Congress has restricted the jurisdiction of district courts in significant ways. For example, a district court has no jurisdiction to review any question of fact or law, whether constitutional or statutory, "arising from any action taken or proceeding brought to remove an alien from the United States." 8 U.S.C. § 1252(b)(9); see also Aguilar v. U.S. Immigration & Customs Enf't Div. of Dep't of Homeland Sec., 510 F.3d 1, 7-12 (1st Cir. 2007). Similarly, district courts have no jurisdiction to review discretionary decisions of the Attorney General or Secretary of Homeland Security, 8 U.S.C. § 1252(a)(2)(B)(ii), or any "decision or action by the Attorney General to . . . execute removal orders against any alien," id. § 1252(g).

In his complaint, Viana disclaims any intention to challenge the validity of his final order of removal. Even so, Viana's claims would still appear to be covered by the other jurisdictional bars. For example, other courts have recognized that section 1252(g) applies to an alien's claim that an impending removal prevents the alien from seeking statutorily available relief. See, e.g., Ibrahim v. Acosta, No. 17-cv-24574, 2018 WL 582520, at *4-5 (S.D. Fla. Jan. 26, 2018);

Devitri v. Cronen, No. 17-11842, 2017 WL 5707528, at *3-5 (D. Mass. Nov. 27, 2017); Hamama v. Adducci, 258 F. Supp. 3d 828, 838 (E.D. Mich. 2017).  To be sure, courts have also found reasons to avoid that jurisdictional bar.  See, e.g., Hamama, 258 F. Supp. 3d at 838-42 (concluding that, under circumstances presented, application of section 1252(g) would violate suspension clause of U.S. Constitution).  But here, leaving aside lone citations to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1651 (All Writs Act), Viana has not adequately articulated how this court has jurisdiction to consider his claims.

Ultimately, "[i]t is the plaintiff's burden to prove the existence of subject matter jurisdiction." Aversa v. United States, 99 F.3d 1200, 1209 (1st Cir. 1996).  Accordingly, on or before March 29, 2018, Viana shall show cause why this action should not be dismissed for lack of subject matter jurisdiction.  Failure to show good cause by March 29 will result in dismissal of the action without prejudice.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

March 22, 2018
cc:   George C. Bruno, Esq.
      Robert E. McDaniel, Esq.

3