```
                    UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF NEW HAMPSHIRE
```

<u>Elvecio Pereira Viana</u>

    v.                                          Civil No. 18-cv-222-LM
                                                    Opinion No. 2018 DNH 073

<u>President of the United
States of America, et al.</u>

## **O R D E R**

Plaintiff Elvecio Pereira Viana, an alien subject to a final order of removal, brings a complaint seeking injunctive relief against various federal agencies and officials to prevent his removal from the United States. On March 22, 2018, this court issued an order to show cause why the action should not be dismissed for lack of subject matter jurisdiction. Viana timely responded to the court's order and further explicated his jurisdictional argument. For the reasons that follow, the court concludes that it lacks jurisdiction over Viana's complaint. Therefore, the complaint is dismissed without prejudice.

## **STANDARD OF REVIEW**

As the court noted in its previous order, "a federal court has an obligation to inquire sua sponte into its own subject matter jurisdiction." [McCulloch v. Velez](), 364 F.3d 1, 5 (1st Cir. 2004). The existence of subject matter jurisdiction

presents a question of law.  See Skwira v. United States, 344 F.3d 64, 72 (1st Cir. 2003).  "At the pleading stage . . . an order [of dismissal for lack of subject matter jurisdiction] is appropriate only when the facts alleged in the complaint, taken as true, do not justify the exercise of subject matter jurisdiction."  Muniz-Rivera v. United States, 326 F.3d 8, 11 (1st Cir. 2003).  Nevertheless, "[i]t is the plaintiff's burden to prove the existence of subject matter jurisdiction."  Aversa v. United States, 99 F.3d 1200, 1209 (1st Cir. 1996).

**BACKGROUND**

The following facts are taken from the complaint, unless otherwise noted.  Viana was born in Brazil and entered the United States legally in 1990 on a tourist visa.  He was granted work authorization in 1993, which continued through 2008.  On the eve of the expiration of his visa, Viana filed a petition for asylum, which an immigration judge denied in January 2010.  Through an attorney, Viana appealed the denial.  In October 2011, the Board of Immigration Appeals ("BIA") denied the appeal.  Viana alleges that, although his attorney received a copy of the BIA's decision, he never received a copy from either the BIA or his attorney.  Viana did not learn that his appeal had been denied until late 2017.

In November 2017, Viana's daughter—a United States citizen—filed a "Petition for Alien Relative" (Form I-130) on Viana's behalf.  On March 5, 2018, however, Immigration and Customs Enforcement ("ICE") summoned Viana to its local office.  ICE served Viana with an "Order of Supervision," which required him to "produce airplane tickets on March 15 . . . for his return to Brazil no later than April 4."  Doc. no. 1 at 5.

On March 19, Viana filed the present complaint.  He alleges that defendants have violated his procedural and substantive due process rights (Count I), as well as his statutory rights under the Immigration and Nationality Act (Count II).  The basis for these claims is Viana's assertion that the "unreasonably compressed schedule to leave the country" prevents him from pursuing various avenues for relief from removal.  Id. at 3.  Viana indicates that he has begun the process of filing a motion to reopen with the BIA, based on claims for asylum and under the Convention Against Torture.  He also states that he intends to research other "amnesty and visa avenues."  Id. at 10.  The sole relief he seeks is an injunction against his removal until he has had a reasonable opportunity to present his claims for relief from removal.  With his complaint, Viana filed an "Emergency Motion to Stay," requesting that the court issue a

stay of his impending removal for the reasons set forth in the complaint.

**DISCUSSION**

In his complaint, Viana stated that this court had jurisdiction by virtue of 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1651 (All Writs Act). In his memorandum on jurisdiction, however, Viana asserts only 28 U.S.C. § 1331 as the basis for this court's jurisdiction. He further concedes that he does not challenge the validity of the removal order itself. Accordingly, the court confines its analysis to whether the court has jurisdiction, pursuant to 28 U.S.C. § 1331, to consider Viana's claims and order the requested relief.

"Federal district courts have original jurisdiction over what have come to be known as 'federal question' cases, that is, civil actions 'arising under the Constitution, laws, or treaties of the United States.'" Viqueira v. First Bank, 140 F.3d 12, 17 (1st Cir. 1998) (quoting 28 U.S.C. § 1331). However, jurisdiction conferred under this statute "can be precluded by another, more specific statute." Pejepscot Indus. Park, Inc. v. Maine Cent. R. Co., 215 F.3d 195, 200 n.3 (1st Cir. 2000). In this case, the more specific statute at issue is 8 U.S.C.

4

§ 1252, which contains numerous provisions limiting or eliminating the jurisdiction of district courts over immigration matters.

Dispositive here is 8 U.S.C. § 1252(g). That provision states that "no court shall have jurisdiction to hear any cause or claim by . . . any alien arising from the decision or action by the Attorney General to . . . <u>execute removal orders against any alien</u>." 8 U.S.C. § 1252(g) (emphasis added). This provision applies "notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title." <u>Id.</u> Section 1252(g) is "directed against a particular evil: attempts to impose judicial constraints upon [certain categories of] prosecutorial discretion." Reno v. Am.-Arab Anti-Discrimination Comm., 525 U.S. 471, 485 n.9 (1999).

Viana's claims appear to fall well within the ambit of § 1252(g). He challenges the manner in which immigration authorities decided to execute his removal order, arguing that it prevents him from seeking potential avenues for relief from removal. His claims are dependent on and grounded in that decision, and thus are reasonably understood to "arise from" that decision. <u>See</u> Ma v. Holder, 860 F. Supp. 2d 1048, 1059 (N.D. Cal. 2012) (interpreting "arising from" in § 1252(g) to

include claims that are "connected directly and immediately to a decision or action . . . to execute a removal order" (internal quotation marks omitted)).[1]  And Viana's requested relief, a stay from removal, would necessarily impose a judicial constraint on immigration authorities' decision to execute the removal order, contrary to the purpose of § 1252(g).  See Reno, 525 U.S. at 485 n.9; Jusufi v. Chertoff, No. 07-15450, 2007 WL 4591760, at *3 (E.D. Mich. Dec. 28, 2007); Aziz v. Chadbourne, No. 07-11806, 2007 WL 3024010, at *1 (D. Mass. Oct. 15, 2007).

Many district courts have likewise held that the jurisdictional bar imposed by § 1252(g) extends to claims where the alien challenges the timeframe in which authorities seek to remove him, as well as to the specific relief of a stay from removal.  See, e.g., Ibrahim v. Acosta, No. 17-cv-24574, 2018 WL 582520, at *4-5 (S.D. Fla. Jan. 26, 2018); Devitri v. Cronen,

---

[1] The court finds additional support for its reading in Aguilar v. U.S. Immigration & Customs Enf't Div. of Dep't of Homeland Sec., 510 F.3d 1 (1st Cir. 2007).  There, the First Circuit interpreted 8 U.S.C. § 1252(b)(9), which channels review of all questions of law and fact "arising from any action taken or proceeding brought to remove an alien from the United States" into an administrative process subject to review by the courts of appeals.  Aguilar, 510 F.3d at 9 (emphasis added).  The First Circuit read the phrase "arising from" to "exclude claims that are independent of, or wholly collateral to, the removal process."  Id. at 11.  Similarly, because Viana's claims are not independent of or collateral to the decision to execute the removal order, they arise from that decision for purposes of § 1252(g).

6

No. 17-11842, 2017 WL 5707528, at *3-5 (D. Mass. Nov. 27, 2017); Hamama v. Adducci, 258 F. Supp. 3d 828, 834-38 (E.D. Mich. 2017); Diaz-Amezcua v. Johnson, No. C14-1313, 2015 WL 419029, at *3 (W.D. Wash. Jan. 30, 2015); Ma, 860 F. Supp. 2d at 1056-60; Nken v. Chertoff, 559 F. Supp. 2d 32, 34-38 (D.D.C. 2008). But see Chhoeun v. Marin, No. SACV 17-01898, 2018 WL 566821, at *8-9 (C.D. Cal. Jan. 25, 2018).[2]

Viana responds that § 1252(g) should not be interpreted to eliminate jurisdiction to review claims grounded in the right to due process. In support, he cites Enwonwu v. Chertoff, 376 F. Supp. 2d 42 (D. Mass. 2005). In Enwonwu, an alien brought a habeas corpus petition alleging, among other things, that his order of removal violated his substantive due process rights. See Enwonwu, 376 F. Supp. 2d at 65. The district court rejected the government's argument that § 1252(g) barred the petition. Id. at 66. It cited Carranza v. INS, 277 F.3d 65 (1st Cir. 2002), for the proposition that § 1252(g) does not eliminate district courts' "subject matter jurisdiction over habeas

---

[2] Importantly, some courts retained jurisdiction over such claims on the theory that, as applied, § 1252(g) was unconstitutional. See Devitri, 2017 WL 5707528, at *4-7 (concluding that, under the circumstances, § 1252(g) violated the Suspension Clause of the U.S. Constitution); see also Ibrahim, 2018 WL 582520, at *5-6; Hamama, 258 F. Supp. 3d at 839-42. Because Viana makes no such argument, the court need not address the question.

7

petitions brought by aliens facing removal to the extent that those petitions are based on colorable claims . . . that an alien's . . . constitutional rights have been violated." Enwonwu, 376 F. Supp. 2d at 66 (quoting Carranza, 277 F.3d at 71).

The court finds Carranza, and therefore Enwonwu, distinguishable. Carranza concerned the court's jurisdiction over a constitutional claim in the context of a habeas petition, not a constitutional claim brought under 28 U.S.C. § 1331. See Carranza, 277 F.3d at 71. Viana does not bring a habeas petition. In any case, the Carranza court's interpretation was based on a prior version of § 1252(g), which was subsequently amended to extend to habeas petitions. See Hamama, 258 F. Supp. 3d at 835 (noting that the 2005 amendments added language which expressly withdrew habeas jurisdiction "for any claims excluded by § 1252(g)").

More to the point, the court disagrees that § 1252(g) does not extend to due process claims generally. The provision itself contains no such limitation: it covers "any cause or claim" within its ambit, 8 U.S.C. § 1252(g), which includes constitutional claims, see, e.g., Hamama, 258 F. Supp. 3d at 837-38 (concluding that § 1252(g) applied to claim that removal prior to administrative hearing violated due process); cf. Reno,

525 U.S. at 492 (concluding that § 1252(g) barred selective-enforcement claim under First Amendment).  Accordingly, the court has no jurisdiction to review Viana's claims or order the requested relief, and his complaint must therefore be dismissed.  See 8 U.S.C. § 1252(g).

**CONCLUSION**

For the foregoing reasons, Viana's complaint (doc. no. 1) is dismissed without prejudice, and his emergency motion for a stay (doc. no. 2) is denied as moot.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

April 2, 2018

cc: Counsel of Record